NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 5, 2015
Decided September 14, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-1607

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13-CR-772-9 |
| LAMAR CUNNINGHAM, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Lamar Cunningham pleaded guilty to distributing—and conspiring to possess with intent to distribute—heroin, crack cocaine, and marijuana, *see* 21 U.S.C. §§ 846, 841(a), and was sentenced below his guidelines range to 128 months' imprisonment. Cunningham appeals, maintaining that the sentence is unreasonable because it overstates his criminal record, which included two violent felonies he committed when he was fifteen years old and resulted in him being designated as a career offender under the guidelines. But the judge at sentencing took into consideration the harsh consequences that these early felonies had on his guidelines calculations, and sentenced him significantly below his range of 188 to 235 months. We affirm.

Cunningham was arrested in 2011 for selling heroin, crack cocaine, and marijuana and possessing a gun to protect his drug-selling business. For four months, until his arrest, Cunningham sold drugs for the Imperial Insane Vice Lords, a violent gang that operated an open-air drug market on Chicago's west side. In 2013 Cunningham and 27 of his cohorts were indicted on drug and related violence charges.

The probation officer determined that Cunningham's criminal history qualified him as a career offender under U.S.S.G. § 4B1.1(b). This designation was based on two crimes he was convicted of in 1996, when he was fifteen years old. First, he pleaded guilty to attempted murder after shooting a man in the stomach and, as part of a plea agreement, was sentenced as an adult. He then was convicted of aggravated sexual assault with a weapon (and again tried as an adult). The judge ran Cunningham's twenty-year sentence for the first crime concurrently with his twenty-four-year sentence for the second. He was released from prison on those charges in 2009. Cunningham's career-offender designation meant that he had a criminal-history category of VI. But even without the career-offender designation, Cunningham's thirteen criminal-history points would have placed him in that same criminal-history category. The probation officer calculated a guidelines range of 188 to 235 months' imprisonment based on Cunningham's total offense level of 31 and criminal-history category of VI.

In both his sentencing memorandum and at the sentencing hearing, defense counsel argued that the guideline range greatly overstated Cunningham's criminal record. Counsel emphasized that the crimes qualifying Cunningham as a career offender were committed during a short period when he was only fifteen years old.

The judge sentenced Cunningham below the guidelines to 128 months' imprisonment. In response to the government's argument that Cunningham should receive a within-guidelines sentence, the judge said, "I really have trouble with the idea of saying that for horrible crimes that a 15-year-old committed, and for which he has been punished, that we should then take his punishment way above what it would be on this one." The judge expressed similar concerns when she later addressed Cunningham: "Leaving aside the career offender thing here, your guideline range is really high for the amount of time you were involved; and that is based on criminal history, even without this." The drug crime was serious, she emphasized, particularly because it involved guns. The sentence, she said, took into account Cunningham's need for education, drug abuse treatment, and his prompt cooperation with the government, as well as her agreement that he should receive a 23-month reduction for the time he spent in state prison for this same drug crime.

On appeal Cunningham contends that "the District Court misapplied the mandatory factors under Title 18 U.S.C. § 3553(a) in that it failed to understand and consider the argument that Lamar Cunningham's criminal history was overstated." Cunningham does not dispute the guidelines calculations except to argue that his criminal-history category of VI "overstates the seriousness of his criminal history" and that he should have been assigned a criminal-history category of V.

The judge did not misapply the 18 U.S.C. § 3553(a) factors. A below-guidelines sentence like Cunningham's is presumed reasonable, and to rebut that presumption Cunningham needed to show that the judge's reasoning was inconsistent with the § 3553(a) factors. *See United States v. Warner*, 792 F.3d 847, 855–56 (7th Cir. 2015); *United States v. Harris*, 791 F.3d 772, 782 (7th Cir. 2015). And a judge has considerable discretion in determining how much weight to give any factor. *See United States v. Horton*, 770 F.3d 582, 586 (7th Cir. 2014); *United States v. Smith*, 721 F.3d 904, 908 (7th Cir. 2013). Contrary to Cunningham's assertion, the judge understood and accepted his argument that his criminal record was overstated. She found it troubling that he was designated a career offender (and even without that designation, that he faced such a steep range) for crimes he committed when he was fifteen years old. The judge also took into account other mitigating and aggravating factors. She considered the seriousness of the crime, 18 U.S.C. § 3553(a)(2)(A), noting that Cunningham had carried a gun, and that he had not been deterred by his previous time in prison, 18 U.S.C. § 3553(a)(2)(B). In mitigation, she agreed that his criminal history was overstated, and noted that his involvement in the drug sales was limited to four months and that he promptly cooperated with the government. 18 U.S.C. § 3553(a)(1). Cunningham no doubt preferred a deeper reduction, but nothing he argues undermines the judge's appropriate weighing of the § 3553(a) factors.

Cunningham also asserts generally that he should have qualified for a criminal-history category V, but he points to no reason why the court's determination to place him in category VI was unreasonable.

Cunningham further criticizes the judge for relying on the same facts that she used to calculate his guidelines range —drug quantity, firearm possession, and serious criminal history—as she did in evaluating the seriousness of his offense for purposes of § 3553(a). But this is not error. The sentencing statutes envision both the judge and the Sentencing Commission as carrying out the § 3553(a) objectives. *See Rita v. United States*, 551 U.S. 338, 348 (2007). The same facts used to calculate Cunningham's guidelines range could also be relevant for weighing certain § 3553(a) factors.

AFFIRMED.